UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:25-cv-73-GCM

| | |
|---|---|
| MILO JAMEALL HENDERSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BUNCOMBE COUNTY DETENTION ) <br> FACILITY, et al., ) <br> ) <br> Defendants. ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint. [Doc. 16]. The Plaintiff is proceeding in forma pauperis. [Doc. 10].

I.   **BACKGROUND**

On March 6, 2025,[1] the pro se Plaintiff, who is presently a prisoner of the State of North Carolina, filed two civil rights complaints that were docketed in the instant case and in Case No. 1:25-cv-72-MR.[2] Both actions allege inadequate sanitation and medical deliberate indifference with regards to incidents that allegedly occurred while he was a pretrial detainee at the Buncombe County Detention Facility ("BCDF").

On April 28, 2025, the Plaintiff's Complaint in Case No. -72 passed initial review against BCDF Defendants FNU Moore, FNU Luck, FNU Guyer, and FNU Torry, detention sergeants; and FNU Popovich, a detention officer, for deliberate indifference to a serious medical need with regards to incidents that allegedly occurred at the BCDF between December 2024 and February

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

[2] The Court takes judicial notice of its file in Case No. 1:25-cv-72. See Fed. R. Ev. 201.

2025. [1:25-cv-72, Doc. 11]. The Court dismissed the remaining claims, including those asserted against FNU Smith, a detention sergeant; FNU Brigmon, a detention officer; and Lisa Thomas, a BCDF nurse; those against individuals not properly named as defendants including "Nurse Amy;" and claims asserted against the Defendants in their official capacities pursuant to Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978). [Id.].

In the instant case, the Plaintiff named as Defendants in the Complaint the BCDF, the Buncombe County Sheriff's Department ("BCSD"), and Buncombe County. [Doc. 1]. On June 12, 2025, the Complaint in the instant case was dismissed on initial review because the BCDF is not a "person" subject to suit under § 1983, and because the Plaintiff failed to state a Monell claim against the BCSD or Buncombe County. [Doc. 12]. The Court granted Plaintiff 30 days in which to amend the Complaint to properly state a claim upon which relief can be granted. [Id.]. The Plaintiff filed a Motion to Appoint Counsel that was docketed the same day as the Court's Order on initial review of the Complaint. [Doc. 11]. The Motion was denied. [Doc. 15].

The Plaintiff has now filed an Amended Complaint in the instant case, in which he names as Defendants in their individual and official capacities: Sergeants Smith, Moore, Luck, Guyer and Torry; Officers Brigmon and Popovich; and Nurses Lisa Thomas and Amy LNU. [Doc. 16 at 2-3, 12-16]. He alleges that the Defendants were negligent and deliberately indifferent with regards to the conditions of his confinement and his serious medical needs between December 13, 2024 and January 23, 2025 as follows:

> I was denied medical attention of a serious medical need (diabetes) also placed in a cell covered in feces for 28 days that cause a sepsis infection that led to a 10 day hospital stay. With a surgery due to deliberate indifference and medical neglect.

[Id. at 5] (errors uncorrected). For injury, the Plaintiff claims:

> Impaired vision – surgery – 10 days on antibiotic drip, open wound from surgery; proper wound care was not giving after surgery denied wound care multiple times;

2

> stress anxiety, fear due to being put under for surgery that cause mental distress, as well as pain and suffering.

[Id.] (errors uncorrected). He seeks compensatory and punitive damages. [Id.].

In a Letter addressed to the Clerk in Case Nos. -72 and -73, the Plaintiff states that he does not "fully understand how to proceed," how to state a claim, or why he has two case numbers. [Doc. 17]. He seeks the appointment of counsel in whichever case is "upheld." [Id. at 1].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Plaintiff was previously instructed that documents filed with the Clerk of Court "shall include only one civil case number, and any document listing multiple case numbers may be

3

returned or stricken," and that letters sent to the Clerk of Court or to a Judge will not receive a response. [See Standing Order of Instructions; see also 1:25-cv-72, Doc. 11 at 13]. The Plaintiff's Letter includes two case numbers and improperly seeks relief from the Clerk of Court. It is, therefore, stricken.

With regards to the Plaintiff's Amended Complaint, it is now evident that this action is so overlapping and duplicative of Case No. 1:25-cv-72-MR that the Court cannot allow the two actions to proceed simultaneously. Because the other case was docketed first, the Court will dismiss the instant action without prejudice. Should the Plaintiff wish to amend his allegations or seek any other relief from the Court, he must do so, if at all, by way of proper filings in Case No. 1:25-cv-72-MR in compliance with the Court's Standing Order of Instructions, the Local Rules of this Court, and the Federal Rules of Civil Procedure.

**The Plaintiff is cautioned that the repeated filing of frivolous, duplicative, or otherwise improper actions may result in the imposition of sanctions and/or a prefiling injunction that would limit the Plaintiff's ability to file further lawsuits in this Court.**

## IV. CONCLUSION

In sum, this action is duplicative of Civil Case No. 1:25-cv-72-MR and, as such, the instant action will be dismissed without prejudice.

### ORDER

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

The Clerk is respectfully instructed to enter a Clerk's Judgment and close this case.

4

Case 1:25-cv-00073-GCM     Document 18     Filed 07/14/25     Page 4 of 5

**IT IS SO ORDERED.**

Signed: July 14, 2025

Graham C. Mullen
United States District Judge